IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| TYRELL R. YOUNG, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 13-149J |
| | ) | Judge Kim R. Gibson/ |
| CORRECTIONAL OFFICER ZEIDERS, | ) | Magistrate Judge Maureen P. Kelly |
| *Individually and in his capacity as* | ) | |
| *Corrections Officer 1 at the State* | ) | |
| *Correctional Institution at Houtzdale,* | ) | Re: ECF No. 6 |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff, Tyrell R. Young ("Plaintiff ") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), and is currently incarcerated at the State Correctional Institution Houtzdale. Plaintiff filed this civil rights action on July 12, 2013, bringing claims against Defendant Correctional Officer Zeiders alleging that he "deliberately, negligently, and/or with deliberate indifference to Plaintiff's safety, granted an inmate access to Plaintiff's cell when he knew or should have known that the inmate intended to inflict serious bodily harm upon the Plaintiff" in violation of his rights provided by the Eighth and Fourteenth Amendments to the United States Constitution (Count I). ECF No. 1. Plaintiff has also brought state law claims for Intentional Infliction of Emotional Distress (Count II), and Negligent Infliction of Emotional Distress (Count III). Id.

Presently before the Court is Defendant's Partial Motion to Dismiss for Failure to State a Claim. ECF No. 6. Defendant argues that he is entitled to sovereign immunity on Plaintiff's state law tort claims brought at Counts II and III of the Complaint. ECF No. 6. In his response, Plaintiff has conceded that Counts II and III "are barred by the Defendant's immunities and must be dismissed." ECF No. 9. Based on Plaintiff's concession that Counts II and III must be

dismissed, Counts II and III will be dismissed.  Indeed, it appears that Defendant is entitled to immunity under Pennsylvania's tort claims act, 1 Pa. C.S. § 2310, and that none of the delineated exceptions apply.  See 42 P. C.S. § 8522 (b).  See also Story v. Mechling, 412 F. Supp. 2d 509, 518 (W.D. Pa. 2006).  Accordingly, the following Order is entered:

AND NOW, this 7th day of February, 2014, IT IS HEREBY ORDERED that Plaintiff's Partial Motion to Dismiss for Failure to State a Claim, ECF No. 6, is GRANTED and Counts II and III of the Complaint are dismissed with prejudice.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:	All Counsel of Record Via CM-ECF